**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

In re:

MELODY NAKINA LEWIS,

Debtor

Case No. 18-14388-SAH
(Chapter 7)

# Final Application of Kevin M. Coffey, Counsel for the Chapter 7 Trustee, for Allowance of Compensation

This Final Application of Kevin M. Coffey, Counsel for the Chapter 7 Trustee, for Allowance of Compensation (the "Application") is filed by Kevin M. Coffey as attorney for Kevin M. Coffey, the Chapter 7 Trustee in the above-captioned case. For the period from October 15, 2019, through September 23, 2020 (the "Application Period"), Kevin M. Coffey requests:

> Allowance of professional compensation in the amount of $5,692.50 for legal services rendered by Kevin M. Coffey as counsel for the Trustee during the Application Period and authorization for the Trustee to pay compensation to Kevin M. Coffey in the amount of $5,692.50.

This Final Application is supported by Exhibit "A" (which contains detailed descriptions of legal services incurred by Kevin M. Coffey); by Exhibit "B" (which is a Summary Sheet setting forth the information listed under VI. Itemization of Services Rendered); and by Exhibit "C" (the Verified Statement of Kevin M. Coffey). In further support of this Final Application and the relief requested herein, Kevin M. Coffey represents as follows:

## I. Narrative Summary

1. On October 18, 2018, the Debtor filed her voluntary Petition under Chapter 7, commencing the above-captioned case. Kevin M. Coffey was appointed as Chapter 7 Trustee.

2. On October 31, 2019, the Court entered an Order authorizing the employment of Kevin M. Coffey by the Trustee. The services rendered by Kevin M. Coffey were on behalf of

the Chapter 7 Trustee and the above-captioned bankruptcy estate. Kevin M. Coffey is seeking compensation pursuant to 11 U.S.C. § 503(b).

3. Kevin M. Coffey has agreed to represent the Chapter 7 Trustee and the above-captioned bankruptcy estate pursuant to the terms and conditions as set forth in the Application for Appointment of Attorney for Trustee filed October 15, 2019.

4. Kevin M. Coffey has not entered into any arrangement or agreement with any person or entity with respect to sharing any fees and expenses for which Kevin M. Coffey is seeking compensation as set forth in this Final Application, except as permitted by 11 U.S.C. § 504(b)(1). Prior to this Application, Kevin M. Coffey has not received, and has not been promised any payment for his professional services.

5. The names of all professionals and paraprofessionals, including their hourly rates, are listed on Exhibit A, and the rates are comparable to the rates charged to Kevin M. Coffey's non-bankruptcy clients for similar work.

6. This Application is a Final Application.

7. The time period for the services requested in the Final Application is set forth as the Application Period on Page 1.

8. During the Final Application Period, Kevin M. Coffey has rendered professional services to the Trustee. In Exhibit "A", Kevin M. Coffey provides a complete description with a detailed listing of all time charged by all professionals and paraprofessionals who have performed professional services for the Chapter 7 Trustee, including specific daily descriptions of the services performed by each person and the amount of time spent by each person charged in units of one-tenth of an hour. Exhibit "A" is verified by the Affidavit of Kevin M. Coffey, attached hereto as Exhibit "C".

## II. Case Status

1. The financial condition of the above captioned bankruptcy estate is listed below:

a. The amount of funds on deposit in the above-captioned bankruptcy estate is approximately $17,018, which funds are unencumbered; and

b. There are accrued unpaid administrative expenses, including fees set forth in the Final Application.

2. The funds received by the Trustee are the result of Trustee's counsel's successful efforts in objecting to Debtor's claim of exemption in an unscheduled asset.

## III. Project Summary

1. The following list is a description of the various projects completed by Kevin M. Coffey:

a. **Asset Analysis and Recovery:** The attorney for the Trustee analyzed the case and the possibility of liquidating any and all assets, and the potential for recovering assets for the benefit of unsecured creditors; and the attorney for the Trustee spent approximately 2.3 hours on these tasks for which he is seeking compensation.

b. **Employment of Professionals and Fee Applications:** The attorney for the Trustee incurred time seeking the approval of employment of professionals, and filing and obtaining approval of fee applications; and the attorney for the Trustee spent approximately 2.7 hours on these tasks for which he is seeking compensation.

c. **Investigation of Debtor's Unscheduled Personal Injury Claim:** The attorney for the Trustee incurred time investigating the bankruptcy estate's claim in Debtor's unscheduled personal injury claim; and the attorney for the Trustee spent approximately 4.5 hours on these tasks for which he is seeking compensation.

      d. **Legal Research Regarding Waiver of Claim of Exemption:** The attorney for the Trustee incurred time researching Debtor's waiver of right to claim an exemption in an unscheduled personal injury claim; and the attorney for the Trustee spent approximately 5.1 hours on these tasks for which he is seeking compensation.

      e. **Drafting Objection to Debtor's Claim of Exemption:** The attorney for the Trustee incurred time drafting and revising Trustee's Objection to Debtor's claim of exemption; and the attorney for the Trustee spent approximately 3.1 hours on these tasks for which he is seeking compensation.

      f. **Drafting Motion of Compromise Trustee's Objection to Debtor's Claim of Exemption:** The attorney for the Trustee incurred time drafting and revising Trustee's motion to compromise Trustee's objection to Debtor's claim of exemption; and the attorney for the Trustee spent approximately 2.1 hours on these tasks for which he is seeking compensation.

      g. **Tax Return Matters:** The attorney for the Trustee incurred time assessing and drafting correspondence to the tax account to determine the need for an estate tax return; and the attorney for the Trustee spent approximately .9 hours on these tasks for which he is seeking compensation.

  2. A detailed listing of all persons who have performed services for the Trustee, including the time spent by each person, is listed on Exhibit "A".

## IV. Evaluation Standards

  1. Kevin M. Coffey has complied with all applicable provisions of 11 U.S.C. § 330(a).

  2. The Final Application represents a "core" proceeding which the Court has jurisdiction to decide pursuant to 28 U.S.C. §§ 157(b) and 1334. The statutory predicate for the relief

requested by Kevin M. Coffey is 11 U.S.C. § 330. Kevin M. Coffey's Final Application has been filed in accordance with Bankruptcy Rule 2016.

    3. The fees billed by Kevin M. Coffey to the Trustee for professional services rendered during the Final Application Period totals $5,692.50. This amount was calculated, as required by 11 U.S.C. § 330, accordance with the standards used to calculate what should be charged for comparable services in a non-bankruptcy situation.

    4. Determination of a reasonable attorney fee cannot be reduced to a precise mathematical formula. *Citibank, N.A. v. Multiponics, Inc. (In Matter of Multiponics, Inc.)*, 622 F.2d 731, 735 (5th Cir. 1980). It is generally considered to be an art, not a science. *In re Amdura Corp.*, 139 B.R. 963, 968 (Bankr. D. Colo. 1992). In awarding attorney fees, a bankruptcy judge is allowed to draw on his or her legal experience. *In re Farwell*, 77 B.R. 198 (Bankr. N.D. Ill. 1987). What constitutes a "reasonable" fee is determined on a case by case basis. *In the Matter of Olen*, 15 B.R. 750, 752 (Bankr. E.D. Mich. 1981). However, the compensation allowed bankruptcy attorneys must be sufficient to induce competent attorneys to practice in the bankruptcy area. *In re Yankton College,* 101 B.R. 151, 157 (Bankr. D.S.D. 1989).

    5. This Final Application for Allowance of Compensation and for Reimbursement of Expenses incurred is submitted in light of the standards set forth in the Bankruptcy Code under §330 and the case of *In re Lederman Enterprises, Inc.,* 997 F.2d 1321(10th Cir. 1993), which provides that the Court has discretion to award a reasonable fee for "actual, necessary services" that benefit the estate. Further, reasonableness of legal services are determined by a review of the standards set forth in the Bankruptcy Code as well as illustrated in the case of *Ramos vs. Lamm,* 713 F.2d 546 (10th Cir. 1983). Those standards include: The hours reasonably expended by counsel based upon contemporaneous time records; reasonable hourly rates typical of other

5

lawyers of comparable skill and experience practicing in the area in which the proceeding is pending; and the results obtained. Secondary factors include: the novelty and difficulty of the questions undertaken; the skill required to perform the legal services properly; the time limitations involved and other circumstances involved in the case; expertise and experience; reputation and ability of the law firm; and the complexity of the case and the issues presented. *See, Johnson vs. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir. 1974) (cited with approval in *Ramos v. Lamm, supra*.). The work performed by the Applicant in this case has been necessary in protecting the interests of the estate and of all parties, and the compensation requested is reasonable in light of the factors listed above.

      6. Kevin M. Coffey submits that his requested professional compensation is fair and reasonable, given the circumstances of the Debtors' case and the Trustee representation provided by Kevin M. Coffey.

## V. Certification

      1. Kevin M. Coffey certifies that the Chapter 7 Trustee has received and reviewed the Final Application.

      2. Kevin M. Coffey certifies that the Chapter 7 Trustee has approved the Final Application.

## VI. Itemization of Services Rendered

      1. A Summary Sheet is attached hereto as Exhibit "B" which sets forth the following information:

          a. Total compensation requested and any amounts previously requested;

          b. Total compensation previously awarded by the Court;

   c. Name and applicable billing rate for each person who billed time during the Final Application Period, and date of bar admission for each attorney;

   d. Total hours billed and total amount of billing for each person who billed time during the Final Application Period; and

   e. Computation of blended hourly rate for persons who billed time during the Final Application Period, excluding paralegal or other paraprofessional time.

 2. All time entries have been separately listed on Exhibit "A".

**WHEREFORE,** Kevin M. Coffey respectfully requests the Court to enter an Order:

 A. Allowing Kevin M. Coffey compensation for professional services rendered as counsel for the Trustee during the Final Application Period in the amount of $5,692.50, and

 B. For such other and further relief which the Court deems just and equitable.

       Respectfully submitted,

       *s/ Kevin M. Coffey*
       Kevin M. Coffey (OBA# 11791)
       HARRIS & COFFEY, PLLC
       435 N. Walker, Suite 202
       Oklahoma City, OK  73102
       405/235-1497
       Fax:  405/606-7446
       Email:  kevin@harrisandcoffey.com
       Chapter 7 Trustee

Harris & Coffey, PLLC
435 N. Walker
Suite 202
Oklahoma City, Oklahoma  73102
405-606-7444 Telephone
405-606-7446 Fax

# Exhibit A

Melody Nakina Lewis

Page: 1
September 28, 2020
Account No:     2000-0997
Statement No:        2167

fbkr 18-14388-SAH

Draft Statement

## Fees

| Date | Staff | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| 10/15/2019 | KMC | Draft and revise app to hire atty, and Order | 275.00 | 0.90 | 247.50 |
|  | KMC | Review and analyze email correspondence and attached documentation re personal injury settlement for transvaginal mesh implant; draft correspondence in response of trustee's intention to administer asset (2.0 hours - no charge) | 0.00 |  | 0.00 |
| 12/04/2019 | KMC | Listen to Section 341 meeting transcript; draft correspondence to settlement administrator re communications with Debtor (1.90 hours - no charge) | 0.00 |  | 0.00 |
| 12/17/2019 | KMC | Review and analyze correspondence and documentation from settlement administrator re Debtor's communications with settlement administrator (1.20 hours - no charge) | 0.00 |  | 0.00 |
| 12/20/2019 | KMC | Legal research regarding waiver of exemption, generally; legal research re failure to include mesh case a exempt personal injury asset | 275.00 | 1.80 | 495.00 |
| 12/22/2019 | KMC | Legal research US Supreme Ct case of Law v. Siegel (US Supreme Ct) re Debtor's right to amend claim of exemption under federal bankruptcy code, and effect of state law concerning waiver or other state law defenses; legal research re 10th circuit's application of state law defenses to Debtor's right to amend, and legal research re waiver as exception to right to amend | 275.00 | 2.90 | 797.50 |
| 12/23/2019 | KMC | Continued legal research re waiver & estoppel; draft and revise objection to claim of exemption in transvaginal-mesh-implant injury | 275.00 | 3.80 | 1,045.00 |
| 12/26/2019 | KMC | Continue to draft and revise Objection to Debtor's claim of exempt property; draft corresp to Debtor's counsel with settlement offer | 275.00 | 5.50 | 1,512.50 |
| 01/17/2020 | KMC | Draft and revise motion to compromise and Order. | 275.00 | 1.90 | 522.50 |

Melody Nakina Lewis

fbkr 18-14388-SAH

Page: 2
September 28, 2020
Account No:   2000-0997
Statement No:   2167

# Exhibit A

|  |  |  | Rate | Hours |  |
|---|---|---|---|---|---|
| 01/24/2020 | KMC | review correspondence from Judge's law clerk re hearing; draft response; draft and revise application and Order to continue hearing | 275.00 | 0.90 | 247.50 |
| 02/06/2020 | KMC | Draft and revise corresp to S. Harry re approval of Order of compromise | 275.00 | 0.20 | 55.00 |
| 02/10/2020 | KMC | Draft and revise additional corresp to S. Harry re approval of Order of compromise | 275.00 | 0.20 | 55.00 |
| 09/23/2020 | KMC | Draft and revise correspond to accountant re preparation of tax return | 275.00 | 0.90 | 247.50 |
|  | KMC | Draft and revise attorney fee application and Order | 275.00 | 1.70 | 467.50 |
|  |  | For Current Services Rendered |  | 20.70 | 5,692.50 |

Recapitulation

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Kevin M. Coffey | 20.70 | $275.00 | $5,692.50 |

Total Current Work                                                5,692.50

Balance Due                                                       $5,692.50

Please Remit                                                      $5,692.50

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| In re: MELODY NAKINA LEWIS, Debtor | Case No. 18-14388-SAH (Chapter 7) |
|---|---|

# EXHIBIT "B" - SUMMARY SHEET

| | |
|---|---|
| NAME OF APPLICANT: | KEVIN M. COFFEY |
| ROLE IN THIS CASE: | ATTORNEY FOR TRUSTEE |
| Fees Previously Requested: | $0.00 |
| Fees Previously Awarded: | $0.00 |
| Expenses Previously Requested: | $0.00 |
| Expenses Previously Awarded: | $0.00 |
| Retainer Paid | $0.00 |
| CURRENT APPLICATION | |
| Fees Requested | $5,692.50 |
| Expenses Requested | $0.00 |

## FINAL FEE APPLICATION

| NAMES OF PROFESSIONALS OR PARAPROFESSIONALS | YEAR ADMITTED TO PRACTICE | HOURS BILL ON CURRENT APPLICATION | RATE | TOTAL APPLICATION |
|---|---|---|---|---|
| **Partners** | | | | |
| Kevin M. Coffey | 1986 | 20.70 | $275.00 | $5,692.50 |
| **Associates** | | | | |
| N/A | | | | |
| **Paraprofessionals** | | | | |
| N/A | | | | |
| TOTAL | | | | $5,692.50 |

## IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

In re:

MELODY NAKINA LEWIS,

                    Debtor

Case No.  18-14388-SAH
(Chapter 7)

## Exhibit C – Unsworn Declaration

Kevin M. Coffey, a managing member of Harris & Coffey, PLLC, hereby makes the following unsworn declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am Kevin M. Coffey of the law firm of Harris & Coffey, PLLC; I have read and reviewed the Final Application of Kevin M. Coffey, Counsel for the Chapter 7 Trustee, for Allowance of Compensation; and it is true and correct to the best of my knowledge and belief.

2. I am a disinterested party with no agreement to share compensation with any committee, debtor, trustee, creditor or their attorneys or any other person involved in this bankruptcy.

3. No previous payments of compensation have been paid to me in this estate.

I, Kevin M. Coffey, verify under penalty of perjury that the foregoing is true and correct.

Executed on:  09-28-2020

                    *s/ Kevin M. Coffey*
                    Kevin M. Coffey (OBA# 11791)
                    HARRIS & COFFEY, PLLC
                    435 N. Walker, Suite 202
                    Oklahoma City, OK  73102
                    405/235-1497
                    Fax:  405/606-7446
                    Email:  kevin@harrisandcoffey.com